**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALYSSA B. LARSON, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 17-cv-4210 |
| LASALLE COUNTY, BRIAN TOWNE, KAREN DONNELLY, and JOHN DOEs, State's Attorney Felony Enforcement Officers, | Hon. Amy St. Eve |
| Defendants. | |

**DEFENDANTS' JOINT FRCP 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME the Defendants, LASALLE COUNTY, BRIAN TOWNE, individually and in his official capacity as the former State's Attorney for LaSalle County and KAREN DONNELLY, in her official capacity as the LaSalle County State's Attorney ("Defendants"), by and through their undersigned counsel, and moves this Honorable Court to grant their Motion to Dismiss Plaintiff's First Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support states as follows:

**INTRODUCTION**

Each of the six counts in Plaintiff's First Amended Complaint ("Amended Complaint") should be dismissed. First, counts I, II, III and IV, brought under 42 U.S.C. § 1983, fail to state a claim upon which relief can be granted and were filed outside the applicable statute of limitations period. Similarly, count V, brought under Illinois State Law, was filed outside the applicable statutory period and should be dismissed. Finally, Count VI is a derivative claim of Counts I and

1

II, and must fail because it is untimely. Accordingly, this Honorable Court should grant Defendants' motion to dismiss Plaintiff's Amended Complaint in its entirety.

## STATEMENT OF FACTS[1]

### A. General Allegations

On June 2, 2017, Alyssa B. Larson ("Larson") and Jeffrey Straker ("Straker"), individually and purportedly on behalf of all others similarly situated, filed a Class Action Complaint against Defendants LaSalle County; Brian Towne ("Towne"), the former LaSalle County State's Attorney; and private unknown individual officers of the State's Attorney Felony Enforcement ("SAFE") Unit. After obtaining leave from this Court, Plaintiff filed their First Amended Complaint ("Amended Complaint") on October 13, 2017. The Amended Complaint added Karen Donnelly, the current State's Attorney of LaSalle County, as a Defendant. Plaintiff also sought to voluntarily dismiss Plaintiff Straker's claims pursuant to Federal Rule of Civil Procedure 41. (See Doc. # 27). This court dismissed Straker's claims without prejudice on October 16, 2017. (See Doc. # 29).

Plaintiff's Amended Complaint attempts to assert six causes of action. The first three counts, all brought under § 1983, purport to alleges unreasonable seizure, unreasonable search, and interference with Plaintiff's right to travel. (Doc. # 28, ¶¶ 59-69). Count IV attempts to assert a *Monell* claim under § 1983 against LaSalle County. (Doc. # 28, ¶¶ 71-79). Count V seeks indemnification, under Illinois law, against LaSalle County. (Doc. # 28, ¶¶ 80-82). Finally, Count VI attempts to allege an unjust enrichment claim. (Doc. # 28, ¶¶ 83-86).

During 2011, Brian Towne, who was the LaSalle County State's Attorney at the time, established in good faith the SAFE Unit pursuant to 55 ILCS 5/3-9005(b). (Doc. # 28, ¶ 3). Plaintiff

---

[1] For purposes of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all well-pleaded facts are accepted as true. *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). By setting forth the allegations as pleaded, Defendants in no way admit their truth and expressly reserve the right to deny or challenge the truth of any and all such allegations.

alleges that the SAFE unit, comprised of officers with drug interdiction backgrounds, drug-sniffing dogs, and supporting agencies, was formed to conduct drug interdiction activities along Interstate 80. (Doc. # 28, ¶ 4). Plaintiff alleges that the SAFE unit targeted "suspicious" vehicles with out-of-state license plates and pulled over drivers for traffic violations as a pretext for searching vehicles for drugs and drug money. (Doc. # 28, ¶ 5). Plaintiff alleges that SAFE unit officers stopped vehicles, and shortly thereafter drug-sniffing dogs arrived on the scene to detect for the scent of drugs in vehicles. (Doc. # 28, ¶ 5). According to the Amended Complaint, if the dog detected the scent of drugs or the scent of drug residue on cash in the vehicle, the officer would confiscate the drugs and/or cash. (Doc. # 28, ¶ 7). Plaintiff alleges that between 2011 and 2015, the SAFE unit seized approximately $1.7 million from vehicles that its officers stopped. (Doc. # 28, ¶ 8).

Plaintiff alleges her and any putative class members' rights, borne out of the Fourth and Fourteenth Amendments, were violated by the SAFE unit program, which was ceased operation in 2015. (Doc. # 28, ¶ 11-13). Additionally, Plaintiff asserts that, upon information and belief, Defendants misappropriated drug forfeiture money obtained by the SAFE and used it for improper purposes, such as travel expenses, donations to schools and sports teams, and funding for the SAFE unit itself. (Doc. # 28, ¶ 2).

## B. *Plaintiff Larson's Allegations*

According to the Amended Complaint, Larson flew to LaSalle County in October 2012 to obtain her mother's vehicle, which had been impounded after her mother was arrested when marijuana was found in her vehicle. (Doc. # 28, ¶¶ 21-22). Larson's mother is not a party to this lawsuit. After obtaining her mother's vehicle from the impound lot in LaSalle County, Illinois, Larson, along with her grandmother, began driving on I-80 in LaSalle County. (Doc. # 28, ¶ 23).

3

Plaintiff alleges that Larson was pulled over by an unspecified SAFE unit officer ("Officer 1"), who advised her that the reason she was stopped was because Larson had executed an unsafe lane change. (Doc. # 28, ¶ 27). Plaintiff asserts that Larson was pulled over despite not violating any traffic, city, state or federal law. (Doc. # 28, ¶ 28). Larson was told to exit her vehicle and then sat in the passenger seat of the Officer 1's vehicle. (Doc. # 28, ¶ 33).

Shortly after Larson's vehicle was stopped, another SAFE unit officer ("Officer 2") arrived on the scene with a drug-sniffing dog and was allegedly instructed by Officer 1 to search Larson's vehicle. (Doc. # 28, ¶¶ 33-34). Plaintiff alleges that Larson did not give consent to the search, and that neither officer asked for her consent. (Doc. # 28, ¶ 36). Thereafter, Larson purportedly observed the behavior of the drug-sniffing dog during the traffic stop because she is a police dog trainer by occupation. (Doc. # 28, ¶ 37). The Amended Complaint goes on to state that the drug-sniffing dog began to search the vehicle, but that Officer 1 allegedly asked Officer 2 to stop the search upon learning that Larson is a police dog trainer. (Doc. # 28, ¶ 40).

While Larson was in Officer 1's car, she asked him about what he and the other officers were doing on I-80. Officer 1 allegedly told Larson that he was "part of a team that the State's Attorney had created to stop drug traffickers on I-80," and that his team "looks for vehicles with out-of-state license plates, and stops them the entire day." (Doc. # 28, ¶ 41). Plaintiff alleges that after the 25-minute traffic stop, the officers allowed Larson to leave without arresting her, ticketing her, or checking her license and registration. (Doc. # 28, ¶ 42).

Plaintiff alleges that the Defendants' violated Larson's right to travel when the officers pulled her over for having out-of-state license plates. (Doc. 28, ¶ 46). Plaintiff thereafter alleges that Defendants conducted an unreasonable search and seizure in violation of Larson's Fourth Amendment rights. (Doc. # 28, ¶ 47). Further, Plaintiff alleges that the purported violations of

Larson's and the putative Class members' rights have led to unwarranted arrests and incarcerations, fines, humiliation, anxiety and embarrassment. (Doc. # 28, ¶ 49).

Despite the plaintiff's allegations regarding her conversation with the SAFE officer, as noted above, the Amended Complaint alleges that at the time she was pulled over and advised why she was being pulled over, Larson could not have known that the SAFE unit was not authorized to conduct traffic stops, targeted out-of-state motorists, or that the stop and search conducted was not based upon reasonable suspicion or probable cause, but pursuant to a prearranged and unlawful plan. (Doc. # 28, ¶ 43). Larson allegedly learned that the SAFE unit lacked authority to make traffic stops, and was otherwise operating unlawfully, only after speaking with an attorney in May 2017. (Doc. # 28, ¶ 44).

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). When considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), courts evaluate whether the plaintiff's complaint has met its obligation to provide sufficient grounds for its entitlement to relief beyond a mere "formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A plaintiff's complaint must give a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court considering a motion to dismiss should assume the veracity of all well-pled factual allegations in the complaint, then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To avoid dismissal, the complaint must sufficiently describe the claim to give the defendant fair notice of the claim and the grounds upon which it rests, and the complaint's allegations must plausibly suggest that the plaintiff has a

right to relief beyond a speculative level. *E.E.O.C. v. Concentra Health Services., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. 544 at 555).

Although the statute of limitations is ordinarily an affirmative defense that must be pled under Rule 8(c), a district court may dismiss claims which are indisputably time-barred for failure to state a claim pursuant to Rule 12(b)(6). *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). Where it is apparent on the face of a complaint that a plaintiff's federal civil rights claims are barred by the applicable statute of limitations, dismissal under Rule 12(b)(6) is a proper result. *Small*, 398 F.3d at 898.

## ARGUMENT

### A. Counts I, II, and III of Plaintiff's Amended Complaint are Untimely and Otherwise Barred.

Counts I, II, and III of the Amended Complaint set forth three causes of action under 42 U.S.C. § 1983 alleging Constitutional violations: unreasonable seizure, unreasonable search, and violation of plaintiff's right to travel. Unfortunately for Plaintiff, she has not properly pled a cause of action for any of the violations alleged in these counts. Even if she had, all three of these claims would still warrant dismissal because they are barred by the applicable statutes of limitations.

The statute of limitations which governs § 1983 claims is borrowed from the law of the state in which the cause of action arose. *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The state's statute of limitations governing personal-injury claims also governs § 1983 claims arising in that state. *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016). A two-year statute of limitations applies to personal injury actions in Illinois, as codified in 735 ILCS 5/13-202. As such, the statutory period governing § 1983 claims in Illinois is two years. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005).

The date at which a § 1983 claim "accrues" and the statute of limitations period begins to run is a matter of federal law. *Moore v. Burge*, 771 F.3d 444, 447 (7th Cir. 2014) (citing *Wallace*, 549 U.S. at 387). Accrual of § 1983 claims occurs "when the plaintiff knows or should have known" that her constitutional rights have been violated. *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997). All that is required for § 1983 causes of action to accrue is "knowledge of the injury and that the defendant or an employee of the defendant acting within the scope of his or her employment may have caused the injury." *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) (quoting *Arteaga v. United States*, 711 F.3d 828, 831 (7th Cir. 2013)).

Claims brought under § 1983 accrue even where "the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391. Failure to appreciate that an act is wrongful does not defer the claim's accrual. *Moore*, 771 F.3d at 448. In a recent decision, the Seventh Circuit explained that a plaintiff "does not need to know under what legal theory" she had a claim, or even that she "had a claim at all" for accrual of claims to take place. *Moore v. Vagnini*, 673 F. App'x 584, 586 (7th Cir. 2017) (citing *Saecker v. Thorie*, 234 F.3d 1010, 1013 (7th Cir. 2000)). Rather, the statutory period "provides ample time" for a plaintiff to determine whether she had a claim and if so to prepare and file suit. *Vagnini*, 673 F. App'x at 586.

Claims for unlawful search and seizure brought under § 1983 have been repeatedly held to accrue immediately "at the time of the search or seizure." *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). Federal Courts have held that the same logic which applies to accrual of unreasonable search and seizure claims also extends to § 1983 claims which alleges deprivation of a plaintiff's right to travel. *See e.g. Norwood v. City of Mendenhall, Mississippi*, 2015 WL 11112504, at *6 (S.D. Miss. Mar. 4, 2015).

Plaintiff attempts to circumvent Illinois' two-year statute of limitations for § 1983 claims by arguing that Larson could not have known that the full extent of her claims until she spoke with an attorney in May 2017. (Doc. # 28, ¶¶ 43-44). Yet, the facts in Plaintiff's Amended Complaint belie that assertion. On the day of the traffic stop in September 2012, Larson knew, or reasonably should have known, that her Constitutional rights had been allegedly violated, and the identity of at least some of the Defendants responsible. Plaintiff alleges that Larson could not have known that the SAFE unit was operating illegally, but her failure to appreciate that the traffic stop was wrongful does not defer her claim's accrual. *See Moore*, 771 F.3d at 448. Larson's search and seizure causes of action accrued immediately after the traffic stop in October 2012. *See Poskon*, 603 F.3d at 363. At minimum, Larson was aware that she was pulled over "despite not violating any traffic, city, state or federal law." (Doc. # 28, ¶ 28). Larson even pled that she was "seized and not free to leave" after the traffic stop. ((Doc. # 28, ¶ 32) She was also aware that she was subjected to a search without giving consent. (Doc. # 28, ¶¶ 32-40). Notwithstanding her substantial law enforcement experience, consistent with *Nieta,* Larson had sufficient knowledge to bring a claim for unreasonable search and seizure. *Nieta* at 830 F. 3d 494,498 (7th Cir. 2016); *Vagnini*, 673 F. App'x at 586. Furthermore, Plaintiff does not allege any other purportedly unlawful searches or seizures that occurred outside of this isolated 25-minute incident.

In addition to the above, Plaintiff alleges that the SAFE unit officers violated Larson's Fourteenth Amendment Right to Travel by pulling her over without cause. (Doc. # 28, ¶ 46). Plaintiff alleges that after the unlawful traffic stop, the SAFE officers allowed Larson to leave without arresting or ticketing her. (Doc. # 28, ¶ 42). Although there is little case law involving accrual of right to travel claims, *Norwood v. City of Mendenhall, Mississippi*, 2015 WL 11112504, is instructive. In *Norwood*, the court faced a similar question of when a right to travel claim brought

8

under § 1983 accrues. 2015 WL 11112504, at *6. The *Norwood* court reasoned that because the plaintiff's right to travel was not restricted beyond the date he was released from custody, accrual of his right to travel claim took place, at the latest, on the date the plaintiff was released. *Id*. The *Norwood* court's decision was later affirmed by the Fifth Circuit. *See Norwood v. City of Mendenhall, Miss.*, 630 F. App'x 245 (5th Cir. 2015).

Like the plaintiff in *Norwood*, Plaintiff in this case has not alleged that the Defendants interfered with Larson's right to travel in any way outside of the 25-minute traffic stop. As such, Plaintiff's right to travel cause of action can only be said to have accrued, at the latest, when she was allowed to leave after the traffic stop in September 2012. *See Id*. Furthermore, Larson gleaned information regarding the identity of the Defendants during the traffic stop. During the alleged unreasonable search and seizure, Officer 1 identified himself to Larson as a member of a team that "the State's Attorney had created to stop drug trafficking on I-80", and that his team "looks for vehicles with out-of-state license plates, and stops them the entire day." (Doc. # 28, ¶ 41). This contradicts Plaintiff's argument that she "could not have known" that the SAFE unit targeted out of state motorists. (Doc. # 28, ¶ 43).

Even if Larson was unaware of the precise legal theory or the full extent of the purported constitutional violations, she had all the necessary knowledge upon which to base her § 1983 causes of action. *See Vagnini*, 673 F. App'x at 586. On that day in October 2012, Larson was aware that her constitutional rights had been allegedly violated by the unlawful traffic stop, and that one or more of the defendants acting within the scope of their employment may have caused the injury. *See Liberty*, 860 F.3d at 1019. Therefore, Larson's § 1983 claims stemming from the traffic stop in Counts I, II, and III can only be said to have accrued in September 2012. Based on the applicable

statutory period, the time to file Plaintiff's § 1983 claims expired in September 2014, over two and a half years before Plaintiff filed their initial complaint in June 2017.

Plaintiff's failure to timely file suit is not excused by any known tolling doctrine. Federal courts applying a state's statute of limitations period will also apply that state's coordinate tolling rules. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) (citing *Hardin v. Straub*, 490 U.S. 536, 539 (1989)).

In Illinois, the discovery rule, which delays the beginning of the limitations period until the plaintiff discovers when she discovers she has been injured, will not be applied to benefit a plaintiff who merely failed to discover "the full extent" of her injuries or damages before the statutory period expires. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990); *see also Golla v. Gen. Motors Corp.*, 167 Ill. 2d 353, 364 (1995). Similarly, equitable tolling applies only in extraordinary circumstances. *Rosado v. Gonzalez*, 832 F.3d 714, 717 (7th Cir. 2016) (quoting *Clay v. Kuhl*, 189 Ill. 2d 603, 611-612 (2000)).

Despite purportedly not discovering the full extent of her injuries, Larson was aware that she sustained some injury well before expiration of the limitations period. *See Golla*, 167 Ill. 2d at 364. Thus, the discovery rule should not be applied to allow Larson extra time to file her § 1983 claims. Similarly, equitable tolling applies only in extraordinary circumstances, which have not been plead here. *Smith v. City of Chicago Heights*, 951 F.2d 834, 839 (7th Cir. 1992).

Plaintiff fails to allege any extraordinary circumstances which prevented her from filing suit during the two years following the alleged violations. Furthermore, no mention is made of any attempt by Larson to investigate whether she had an actionable claim prior to May 2017. Plaintiff's contention that she could not have known she had a claim until May 2017 has no factual support. As such, equitable tolling is inappropriate in this case.

Larson's § 1983 claims accrued in October 2012, and the statute of limitations to sue under these claims expired in October 2014 and Plaintiff's lateness in filing these claims is not excused by any tolling doctrines. Therefore, Counts I, II, and III are time-barred and should be dismissed with prejudice for failure to state a claim under Rule 12(b)(6). *See Small*, 398 F.3d at 898.

**B. Once the Federal claims fail, so too does Plaintiffs' *Monell* claim.**

Since Plaintiff has no actionable federal civil rights claims or federal claims, Plaintiff's *Monell* claim (Count IV) cannot stand. The Seventh Circuit has long held that there is no liability under a *Monell* claim if there is not an underlying constitutional violation. *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007); *Alexander v. City of South Bend*, 433 F.3d 550, 557 (7th Cir. 2006). (Noting that a municipality may not be held liable under *Monell* for failure to train adequately or to supervise its police officers when the plaintiff fails to demonstrate any constitutional violation). As demonstrated, there was no constitutional violation for an unreasonable search or seizure or false arrest as those claims are time-barred. For these reasons, this Court must dismiss Counts I, II, III, and Count IV with prejudice.

**C. Plaintiff's Claim for Indemnification Fails**

As set forth above, Plaintiff's federal claims are barred by the applicable statute of limitations. As a result, there is nothing to indemnify the unknown officers or even Defendant Towne, in this matter requiring the dismissal of the claim for indemnification.

**D. Plaintiff Fails to State a Cause of Action for Unjust Enrichment.**

Count VI of Plaintiff's Amended Complaint should be dismissed because Plaintiff has not set forth an actionable claim for unjust enrichment. Unjust enrichment is a remedy that lies where a "defendant has unjustly retained a benefit to the plaintiff's detriment," and "the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good

conscience." *Blythe Holdings, Inc. v. DeAngelis*, 750 F.3d 653, 658 (7th Cir. 2014). If a plaintiff's unjust enrichment claim "rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim, and will stand or fall with the related claim." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 570 (7th Cir. 2016) (quoting *Cleary v. Philip Morris*, Inc., 656 F.3d 511, 516 (7th Cir. 2011)).

Here, Plaintiff's unjust enrichment claim should be dismissed because it rests on the same improper conduct alleged in Counts I and II. Plaintiff states that the Defendants were unjustly enriched in retaining revenues obtained "as a result of the SAFE unit's vehicle stops," which Plaintiff argues "violated the Fourth Amendment." (Doc. 28, ¶ 85). The unjust enrichment claim in Count VI rests on the allegedly unreasonable searches and seizures by the SAFE officers, the same improper conduct alleged in Counts I and II. Thus, the unjust enrichment claim should be tied to those related claims. See *Enger*, 812 F.3d at 570. As discussed above, Plaintiff's Fourth Amendment claims were not timely filed. Like the related claims in Counts I and II, Plaintiff's derivative claim for unjust enrichment should be dismissed. *Id.*

Furthermore, Plaintiff's complaint fails to explain how Larson is an appropriate party to bring an unjust enrichment claim on behalf of the putative class. If a purported representative plaintiff for a class action cannot maintain his individual claim against a defendant because of lack of standing or otherwise, then the class action claim cannot be maintained. *Stefanski v. City of Chicago*, 2015 IL App. (1st) 132844 * 3 (1st Dist. 2015). Plaintiff's Amended Complaint does not allege that Larson had any cash or other property seized from her when she was stopped by the SAFE unit. In fact, Larson was allowed to leave without being fined or ticketed. (Doc. # 28, ¶ 42). Larson, the purported representative plaintiff in this class action complaint, did not "confer" any benefit on the defendants which was improperly retained. Thus, in Larson's case, there has been

no unjust enrichment. Therefore, Plaintiff's unjust enrichment claim on behalf of the purported class should be dismissed.

**E. Section 1983 Claims Against Current and Former State's Attorneys in their Official Capacity Are Not Cognizable.**

It is well settled that state's attorneys are state officials, not county officials. *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994), *citing Ingemunson v. Hedges*, 133 Ill.2d 364, 369, 549 N.E.2d 1269, 1271-72 (1990). It is equally well settled that a claim against a state official in his official capacity is a claim against the state itself. *Kentucky v. Graham*, 473, U.S. 159, 165 (1985). States are not "persons" within the meaning of §1983, and therefore, cannot be sued pursuant to §1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As §1983 does not permit Plaintiff's official capacity claims against State's Attorney Donnelly and former State's Attorney Towne, those claims must be dismissed.

It is proper for this Court to reach this conclusion without regard to whether the Court would have jurisdiction over the official capacity claims in light of the Eleventh Amendment. *Power v. Summers*, 266 F.3d 815, 818 (7th Cir. 2000), *citing Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 779, 120 S.Ct. 1858, 1866 (2000). However, the practical result would be the same if this Court were to apply the Eleventh Amendment. Under the Eleventh Amendment, a state is immune from claims brought by private individuals in federal court unless: (a) the state has consented to suit by waiving its sovereign immunity, or (b) Congress has abrogated the states' immunity from suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Illinois State Lawsuit Immunity Act provides that the state "shall not be made a defendant or party in any court," subject to certain exceptions, which are inapplicable to Larson's claims. *See* 745 ILCS 5/1. Likewise, it is well settled that Congress did not abrogate states' sovereign immunity when it enacted §1983. *Quern v. Jordan*,

13

440 U.S. 332, 341 (1979). Thus, pursuant to the Eleventh Amendment, this Court lacks subject matter jurisdiction over Plaintiff's official capacity claims against State's Attorney Donnelly and former State's Attorney Towne.

**F. Plaintiff's Claims Seeking Relief from Defendant Towne in his Official Capacity Should be Stricken or Dismissed as a Matter of Law under Fed. R. Civ. P. 25(d).**

Plaintiff's Amended Complaint seeks relief from Defendant Towne in both his individual capacity and his official capacity as former State's Attorney for LaSalle County. (Doc. # 28, ¶ 18). Under Federal Rule of Civil Procedure 25(d), where an action is brought against a public officer in his official capacity, and the officer ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). See *Kincaid v. Rusk*, 670 F.2d 737, 741 (7th Cir. 1982).

This lawsuit seeks recovery from Towne in his official capacity as the State's Attorney for LaSalle County, a position he no longer holds. (Doc. # 28, ¶ 18). The official capacity allegation against Towne is duplicative because LaSalle County and current State's Attorney Karen Donnelly are named as Defendants in this action. Prior to the inception of this lawsuit, Defendant Towne ceased being the State's Attorney for LaSalle County. Accordingly, any claims against Towne in his official capacity must be dismissed as a matter of law.

**G. Plaintiff Has Not Pled Facts to Support her Individual Capacity Claims Against Towne.**

Plaintiff has not alleged facts to support an individual liability claim against Defendant Towne. Liability under Section 1983 "requires personal involvement in the alleged constitutional deprivation." *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012). Liability under § 1983 does not attach unless the individual defendant "caused or participated in the constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Plaintiff has not pled facts showing Towne's personal involvement

in the alleged constitutional violations she suffered in October 2012. Thus, the individual capacity claims against Towne should be dismissed.

### H. Plaintiff May Not Seek Punitive Damages For Their § 1983 Claims in Counts I, II, III and IV Brought Against Defendants in Their Official Capacity.

Counts I, II, III, and IV of the Amended Complaint, brought under § 1983, seek an award of punitive damages in addition to compensatory damages for the alleged constitutional violations. (Doc. # 28, ¶ 79, 83, 79). The Supreme Court has ruled that municipalities are immune from punitive damages in § 1983 actions. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Where a claim is brought against an individual in his official capacity, rather than his individual capacity, that claim is considered "one against the municipality." See *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010).

Here, Defendants should be immune from punitive damages pursuant to Plaintiff's § 1983 claims because the claims were brought against Towne and Donnelly in their official capacity as the former and current State's Attorney for LaSalle County, respectively, this claim should be construed as one against the municipality of LaSalle County. See *Minix*, 597 F.3d at 830. Applying *City of Newport*, Plaintiff is barred from seeking punitive damages in this matter. 453 U.S. at 271.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court enter an order dismissing each of the six counts in Plaintiff's Amended Complaint with prejudice, along with any further relief this court deems appropriate.

DATED:  **November 3, 2017**

*/s/ Jason E. DeVore*

  Jason E. DeVore (ARDC # 6242782)
  One of the Attorneys for Defendant BRIAN TOWNE

Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
DeVore Radunsky LLC
53 W. Jackson Blvd., Suite 1305
Chicago, IL 60604-3556
Phone: 312-300-4479
jdevore@devoreradunksy.com

/s/ *Kevin M. Casey*

  One of the Attorneys for Defendants LASALLE
  COUNTY and STATE'S ATTORNEY KAREN
  DONNELLY
Kevin M. Casey (6282635)
Paul O'Grady (6271373)
Shantel Perez (6308071)
Peterson, Johnson & Murray-Chicago, LLC
200 West Adams Street, Suite 2125
Chicago, Illinois 60606
312-724-8024
312-896-9318 - fax
kcasey@pjmlaw.com
pogrady@pjmlaw.com
sperez@pjmlaw.com

16