**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALYSSA B. LARSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LASALLE COUNTY, BRIAN TOWNE, KAREN DONNELLY, and JOHN DOEs, State's Attorney Felony Enforcement Unit Officers,<br><br>Defendants. | CIVIL ACTION NO. 1:17-cv-4210<br><br>**Judge Amy J. St. Eve** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT RULE 12(B)(6) MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I. Introduction

In their motion to dismiss, Defendants claim that Plaintiff's 42 U.S.C. § 1983, *Monell*, and indemnification claims are barred by the statute of limitations. But Defendants misconstrue the appropriate accrual time under the federal discovery rule. In analyzing the federal discovery rule in light of the relevant facts, it is clear that Plaintiff has filed her action within the two-year time limit for these actions in Illinois.

Defendants' argument that Plaintiff cannot include a claim for unjust enrichment is also without merit. Defendants wrongly conflate Plaintiff's standing with her adequacy to represent the Class. Defendants do not dispute Plaintiff's standing to sue in her own right on her § 1983, *Monell*, and indemnification claims. She need not be able to bring *all* claims, individually, as long as another class member can assert a claim that does not apply to Plaintiff (i.e., unjust

1

enrichment in this case). Finally, while Plaintiff may be barred from asserting §1983 claims against a State's Attorney in his or her official capacity, Plaintiff may indeed assert claims against Brian Towne in his individual capacity.

For the reasons below, this Court should deny Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

## II. Rule 12(b)(6) Legal Standard

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A court must accept all well-pleaded facts as true, construing them in the light most favorable to the nonmoving party, and drawing all reasonable inferences in that party's favor. *Bell v. City of Chicago,* 835 F.3d 736, 738 (7th Cir. 2016).

It is "irregular" for courts to dismiss a complaint as untimely under Rule 12(b)(6). *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Under Rule 8, a complaint need not anticipate or overcome affirmative defenses, including statute of limitation defenses. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). In fact, "complaints need not contain *any* information about defenses and may not be dismissed for that omission." *Id*. (emphasis in original). Thus, a federal complaint that omits facts that would defeat a statute of limitations defense does not fail to state a claim. *Nat'l Black Expo v. Clear Channel Broad., Inc.*, No.03 C 2751, 2007 U.S. Dist. LEXIS 9783, at *16-17 (N.D. Ill. 2007) (*quoting Hollander v. Brown*, 457 F.3d 688, 692 n.1 (7th Cir. 2006)).

**III.     Plaintiff's § 1983 Claims Have Been Timely Filed Under the Discovery Rule**

Claims brought under 42 U.S.C. § 1983 adopt the personal injury statute of limitations of the forum state. *Singleton v. Chicago Sch. Reform Bd. of Trustees of the Bd. of Educ.*, No. 00C395, 2000 U.S. Dist. LEXIS 8484, at *32-33 (N.D. Ill. June 13, 2000). The statute of limitations for personal injury actions in Illinois is two years, meaning the §1983 claims in this case are subject to a two-year statute of limitations period.[1] But the accrual date of a §1983 action is "*not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Instead, the accrual of §1983 claims is subject to the federal discovery rule. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990).

Under the federal discovery rule, a claim accrues: (1) when a party performs an alleged unlawful act; and (2) when the claimant discovers an injury resulting from this unlawful act. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1139 (7th Cir. 1992) (*citing Cada*, 920 F.2d at 450). The accrual date is:

> not the date on which the wrong that injures the plaintiff occurs, but the date -- often the same, but sometimes later -- on which the plaintiff discovers that he has been injured. The rule that postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured is the "discovery rule" of federal common law, which is read into statutes of limitations in federal-question cases (even when those statutes of limitations are borrowed from state law) in the absence of a contrary directive from Congress.

*Cada*, 920 F.2d at 450.

Courts have applied the discovery rule to hold that a cause of action that would otherwise be time-barred was timely where a party did not know or could not have known of his/her injury until after he/she sustained an injury. This is especially true in cases, such as this one, where the claim arises from a situation where the officers conducting a search or seizure relied on authority

---
[1] 735 ILCS 5/13-202.

that later turned out to be false. In *Johnson v. Garza*, No. 07 C 6862, 2008 U.S. Dist. LEXIS 73706 (N.D. Ill. Aug. 15, 2008), the plaintiff claimed that his Fourth Amendment rights were violated on October 2, 2003 when officers searched an apartment in which he was a guest. The officers obtained the search warrant only after presenting false information to a magistrate judge. The police officers and the city moved to dismiss Johnson's action, arguing that his §1983 action was time-barred because it was filed on December 5, 2007, more than two years after the search. *Id*. at *4-9. In applying the federal discovery rule, the court found that plaintiff's claim did not accrue on October 2, 2003 – rather, it accrued in 2006 when he discovered the warrant used for the search was obtained through the officers' false statements. *Id*. at *11. The court reasoned that "[i]f the rule applied differently, every person subjected to a search conducted pursuant to a warrant would have to file a protective Fourth Amendment lawsuit on the off chance that he or she might one day learn that the police had relied on false information to obtain it." *Id*. at *12. *See also United States v. Cortina*, 630 F.2d 1207 (7th Cir. 1980) (holding that there was no probable cause for a search where probable cause relied on a misrepresentation by an FBI agent in an affidavit.).

Likewise, here, Plaintiff did not know (and could not have known) that the SAFE unit was given false authority to conduct searches or seizures until the appellate court's June 3, 2015 decision in *People v. Ringland* , N.E.3d 1020 (Ill. App. Ct.). And relying on the SAFE unit's false authority to conduct a search and seizure is akin to relying on a faulty warrant as in *Johnson* or a deliberate misrepresentation in an affidavit as in *Cortina*. In those cases, plaintiffs could have not known that they had claims against the defendants until there was confirmation that defendants relied on false authority. While Defendants here argue that Plaintiff immediately knew (or reasonably should have known) that her constitutional rights were violated, neither

4

Plaintiff, nor anyone else, could have conceivably recognized a cause of action until June 3, 2015, when the *Ringland* court declared the SAFE unit invalid and lacking authority to make traffic stops. In fact, the trial court in *Ringland* had held SAFE to be acting *within its authority*. *See Ringland* , N.E.3d at 1025, 1027. As such, it cannot be reasonably said that—as a matter of law—Ms. Larson knew or should have known that SAFE was acting unlawfully prior to the appellate court's decision. The validity of SAFE was raised at the appellate court level *precisely because no one knew or could have known* that the officers relied on false authority, even if they exercised reasonable diligence. Until the *Ringland* appellate court examined the Illinois statute[2] that set forth the powers of the State's Attorney and determined—taking into account the plain language and legislative intent of the statute—that the SAFE unit was acting outside its authority, no one, including the Plaintiff, could have known of the availability of this §1983 action. Thus, Plaintiff's filing of her complaint on June 2, 2017—less than two years after the June 3, 2015 *Ringland* decision—was within the two-year statute of limitations for §1983 actions.

Additionally, Defendants mischaracterize Plaintiff's allegations in an attempt to establish knowledge of her claims at the time she was stopped by the SAFE unit. Defs.' Br. at 8. Specifically, Defendants attempt to establish this knowledge based upon Plaintiff's allegations that: (1) she was pulled over despite not violating traffic, city, state, or federal laws; (2) she was seized and not free to leave; and (3) she was aware of a non-consensual search. But these allegations do nothing to support the assertion that Plaintiff had knowledge of SAFE's lack of authority to conduct traffic stops, or otherwise legally operate, at the time of her traffic stop. Similarly, Larson's right to travel claim is timely because she could not have known SAFE

---

[2] 55 ILCS 5/3-9005(b).

lacked authority to restrict her movement (through its traffic stop) until the appellate court's decision in *Ringland*.

Where there are no facts that definitively confirm that the statute of limitations has run, it is not appropriate to grant a party's motion to dismiss. *See Schacht v. Baccala & Shoop Ins. Servs.*, No. 91 C 2228, 1993 U.S. Dist. LEXIS 16093, at *7-8, 11-12 (N.D. Ill., Nov. 10, 1993) (denying defendants' Rule 12(b)(6) motion to dismiss where the federal discovery rule applied; the date that plaintiff sustained or discovered its injury [was] not apparent from the face of the complaint;" and the court was "unable to ascertain from the face of the complaint whether the statute of limitations [had] run"); *Gosselin v. First Trust Advisors L.P.*, No. 08 C 5213, 2009 U.S. Dist. LEXIS 117737, at *27-28 (denying defendants' motion to dismiss where plaintiffs "[had] not pled facts that establish that their claims are untimely"). Here, because there are no facts that establish the statute of limitations has run on Plaintiff's claims, it would be inappropriate to grant Defendants' motion to dismiss.

## IV. Plaintiff Has Properly Stated a Cause of Action for Unjust Enrichment

Regardless of how Defendants style their motion, it prematurely asks this Court to resolve class certification issues before Plaintiff has even moved for certification. Defendants claim that Plaintiff does not have standing to bring an unjust enrichment claim, arguing that Plaintiff is not "an appropriate party to bring an unjust enrichment claim on behalf of the putative class." Defs.' Br. at 12. Defendants wrongly conflate Plaintiff's standing with her adequacy to represent the Class. The Seventh Circuit Court of Appeals has held that "it is best to confine the term 'standing' to the Article III inquiry and thus to keep it separate from the plaintiff's entitlement to relief or her ability to satisfy the Rule 23 criteria." *Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008). Accordingly, "as long as one member of a certified class has a

plausible claim to have suffered damages, the requirement of standing is satisfied." *Kohen v. PIMCO*, 571 F.3d 672, 676 (7th Cir. 2009), cert. denied, 559 U.S. 962 (2010).

Defendants do not dispute Plaintiff's standing to sue in her own right. The court's inquiry properly ends there: "That a suit may be a class action . . . adds nothing to the question of standing . . . ." *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976). Despite Defendants' attempt to litigate class certification on the pleadings, the correct time to address issues relating to class certification is, of course, at the certification stage. *See, e.g., Mednick v. Precor*, No. 14 C 3624, 2014 U.S. Dist. LEXIS 159687, at *18 (N.D. Ill. Nov. 13, 2014) (citation omitted) (stating that "[w]hether a plaintiff has fulfilled Rule 23 class action requirements [] is not an appropriate inquiry at the motion to dismiss stage"). As long as a plaintiff has plausibly alleged the necessary elements under Rule 23, the "[d]etermination of whether plaintiff[] actually can establish the basis for class certification is premature[]" at the motion to dismiss stage. *Birchmeier v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 2012 U.S. Dist. LEXIS 182536, at *4-5 (N.D. Ill. Dec. 28, 2012). Additionally, courts will address class certification "'at the pleading stage 'only when the class allegations are facially and inherently deficient.'" *Wagner v. General Nutrition Corp.*, No. 16-CV-10961, 2017 U.S. Dist. LEXIS 112106, at *10 (N.D. Ill. Jul. 19, 2017) (*quoting Sullivan v. All Web Leads Inc.*, No. 17 C 1307, 2017 U.S. Dist. LEXIS 84232, at *8 (N.D. Ill. Jun. 1, 2017).

Here, Plaintiff has alleged valid claims on behalf of herself and the class. While she may not have alleged that she was fined or experienced a forfeiture of money as a result of the stop, Defendants were unjustly enriched by fines and forfeitures collected from many other class members. *See* Plf.'s First Am. Compl. at ¶¶ 2, 7-8. The current LaSalle County State's Attorney, Karen Donnelly, provides further evidence of unjust enrichment in her complaint

against Spring Valley, noting that over one million dollars was seized as a result of SAFE unit stops.[3] And the one million dollars seized naturally includes fines and forfeitures from class members in this case. Because Plaintiff's allegation cannot be deemed "facially and inherently deficient," and other class members have standing and a valid claim for unjust enrichment, granting Defendants' motion to dismiss would be improper at this stage.

V. **Even if Plaintiff Cannot Bring a §1983 Cause of Action Against Brian Towne in his Official Capacity, Plaintiff May—and Does—Bring a Cause of Action Against Brian Towne in his Individual Capacity**

   a. **Plaintiff has pled sufficient facts to support her individual capacity claims against Brian Towne.**

Defendants' argument that Plaintiff has not shown sufficient facts to establish an individual capacity claim against Towne is without merit. In a §1983 individual capacity claim, a plaintiff is required to "make a showing of personal involvement by a defendant government actor." *Warren v. Sheriff of Cook County Thomas Dart*, No. 09-CV-3512, 2010 U.S. Dist. LEXIS 124671, at *12 (N.D. Ill., Nov. 24, 2010). Demonstrating "personal involvement" requires a plaintiff to "establish either that (1) the defendant acted or failed to act with a deliberate or reckless disregard of plaintiff's constitutional right; or (2) the conduct which caused the constitutional deprivation occurred either at the defendant's direction or with his knowledge and consent." *Griffin v. Sheahan*, No. 98 C 2398, 1999 U.S. Dist. LEXIS 7899, at *11 (N.D. Ill., May 12, 1999).

Here, Plaintiff has sufficiently met the requirements to maintain a §1983 action against Towne, as she has alleged Towne's personal involvement, his deliberate or reckless disregard of Plaintiff's constitutional rights, and/or his direction or acquiescence to the unconstitutional conduct. With Towne's consent and at his direction, the SAFE unit pulled over and confiscated

---

[3] Ex. A, *People, ex rel. Karen Donnelly v. City of Spring Valley*, No. 17-L-91, Am. Compl. ¶ 22.

8

money from out-of-state drivers without sufficient justification. Plf.'s First Am. Compl. at ¶ 2. Towne "equipped SAFE unit officers with police powers and directed them to conduct drug interdiction activities along interstate highways passing through LaSalle County, Illinois, particularly on I-80," and even admitted to this allegation in his answer to Plaintiff's Amended Complaint. *Id*. at ¶ 4; Def. Brian Towne's Answer to Plf.'s First Am. Compl. at 3. Defendant Towne also "knew or consciously disregarded the fact that his establishment and direction of the SAFE unit would deprive Plaintiff and the Class of their constitutional rights" — yet, he "directed the SAFE unit to conduct traffic stops, search cars, fine motorists, and confiscate drugs and/or money from them, all under the unlawfully established SAFE program." Plf.'s First Am. Compl. at ¶ 12. *See also id*. at ¶ 73 (noting that Defendants' actions were the result of *de facto* practices, policies, and customs). Considering Plaintiff's plentiful allegations about Towne's personal involvement, knowledge, and deliberate and reckless disregard for Plaintiff's constitutional rights, Plaintiff has sufficiently met the requirements to support her §1983 claims.

### b. Plaintiff may seek punitive damages against Towne in his individual capacity.

In arguing that Defendants should be immune from punitive damages under Plaintiff's §1983 claims, Defendants take into consideration Donnelly and Towne's roles only in their official capacity — and leave out any analysis of punitive damages related to Towne in his individual capacity. A plaintiff may recover punitive damages from a government actor in an individual capacity. See *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010) (noting that a plaintiff may recover punitive damages against a government actor in an individual capacity); *Burris v. Cullinan*, No. 09-3116, 2011 U.S. Dist. LEXIS 82018, at *19-20 (C.D. Ill. 2011) (finding the same). Plaintiff is therefore not barred from seeking punitive damages from Brian Towne in his individual capacity.

## VI. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that Defendants' motion to dismiss be denied.

Dated: December 6, 2017

Respectfully submitted,

*/s/ Edward A. Wallace*
Edward A. Wallace, Esq.
Tania E. Yusaf, Esq.
**WEXLER WALLACE LLP**
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
Email: eaw@wexlerwallace.com
Email: tey@wexlerwallace.com

Jack Boehm
**ATTORNEY AT LAW**
107 Welwyn Street
Lake Bluff, IL 60044
T. 847-626-8148
E. Boehmlaw@gmail.com

*Attorneys for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2017, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this case.

/s/ Edward A. Wallace